IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAD KARAJIC and <br> SEADA KARAJIC, <br>                 Plaintiffs, <br> vs. <br> TRANS UNION LLC; <br> EQUIFAX INFORMATION <br> SERVICES LLC; and <br> EXPERIAN INFORMATION <br> SOLUTIONS, INC., <br>                 Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

## INTRODUCTION

1. This is an action for damages brought by two individual consumers, (Mr.) Sead Karajic and (Ms.) Seada Karajic, who are brother and sister, against Trans Union, LLC ("Trans Union"); Equifax Information Services, LLC ("Equifax"); and Experian Information Solutions, Inc. ("Experian"), for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. (FCRA).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) and 15 U.S.C. §1681p (FCRA).

3. Venue in this District is proper because each defendant is subject to jurisdiction here and a material part of the events at issue occurred here.

## PARTIES

4. Plaintiffs Sead Karajic and Seada Karajic are brother and sister. Mr. Sead Karajic resided in Aurora, Illinois, until recently. Ms. Seada Karajic resides in Fort Wayne, Indiana. Six of the nine digits of their Social Security numbers are identical. The final "a" in Seada denotes a feminine name.

5. Defendant TransUnion is a credit reporting agency with its principal place of business located at 555 W. Adams, Chicago, IL 60661. Its registered agent and office are Prentice Hall Corporation, 801 Adlai Stevenson Drive, Springfield, IL 62703.

6. Defendant Experian is a credit reporting agency that does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

7. Defendant Equifax is a credit reporting agency that does business in Illinois. Its registered agent and office are Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

## FACTS

8. Each of the defendants has been commingling the credit files and information of the two plaintiffs.

9. As a result, each plaintiff appears to have more extensive credit obligations than the plaintiff in fact has.

10. As a result, each plaintiff appears to have more extensive credit obligations than is reasonable and appropriate for each plaintiff's employment and income. When one plaintiff applies for credit and lists his/her employment and income, a credit report is "pulled" which lists the credit obligations of both plaintiffs.

11. In addition, each plaintiff appears to change addresses and employment more frequently than is truly the case (since the addresses and employment history of each plaintiff appears on the other's report).

12. As a result, each plaintiff has been damaged by having their credit score diminished, being denied credit, being required to pay higher rates for credit, spending time and money trying to correct their credit report, and suffering aggravation and distress. For example, Seada was denied a car loan because the lender believed she had far more debt than she actually had, and Sead has been denied credit, and been offered higher interest rates than he should have given his credit history. Sead also lost a job opportunity at one point because a public record pertaining to Seada was appearing on his credit report when the employer did its background check.

13. Plaintiffs disputed the inapplicable information on their credit reports during the last two years. The disputes were commingled. Eventually some defendants made some corrections, but the files are not yet completely corrected. Seada's dispute to Equifax resulted in Equifax issuing her a credit report containing no tradelines whatsoever, despite the fact that she has an extensive credit history. Both plaintiffs also continue to have problems obtaining their own credit reports from defendants.

14. Defendants have published inaccurate information to third parties and credit grantors during the last two years. On information and belief, defendants have also supplied the wrong plaintiffs' credit report to lenders who have requested their credit files.

15. Defendants use algorithms to match credit information and persons. The algorithms do not require 100% matching of name, address, and Social Security number. The matching algorithms are sufficiently loose that a search for information pertaining to one of the two plaintiffs retrieves information pertaining to the other plaintiff.

16. The problem experienced by plaintiffs is not uncommon. Many members of the same family have very similar names, e.g., Sr. and Jr. Immigrants often are issued similar Social Security numbers.

17. Defendants are aware of and should be able to deal with such situations. Instead, they recklessly, willfully and negligently employed algorithms that retrieved extraneous information.

## COUNT I – FCRA

18. Plaintiffs incorporate paragraphs 1-17.

19. Defendants failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiffs' credit reports, information and files in violation of 15 U.S.C. §1681e(b).

20. Each defendant violated 15 U.S.C. §1681n and/or §1681o.

21. Section 1681n provides:

> **§1681n. Civil liability for willful noncompliance**
>
> **(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer**

**in an amount equal to the sum of–**

**(1)**

> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>
> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

22. Section 1681o provides:

**§1681o. Civil liability for negligent noncompliance**

**(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

> **(1) any actual damages sustained by the consumer as a result of the failure;**
>
> **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

WHEREFORE, each plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

    a.    Appropriate actual, punitive and statutory damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    Such other or further relief as the Court deems proper.

                                      s/ Daniel A. Edelman
                                      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)

Email address for service:  courtecl@edcombs.com

## **JURY DEMAND**

Plaintiffs request trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman<br>Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ Daniel A. Edelman
Daniel A. Edelman

T:\31545\Pleading\Complaint_Pleading.wpd